* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzalez, as Acting Attorney

Further, two non-treating physicians contradicted Dillon's testimony.

We AFFIRM the ALJ's decision.

**Ysmael Quirico Hernandez VENEGAS; et al., Petitioners,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

**No. 04–73933.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2007.**

Filed Nov. 7, 2007.

---

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Samuel Ogbu, Esq., Emmanuel Enyinwa, Esq., Emeziem & Ogbu, LLP, Emeryville, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, KLEINFELD, and RAWLINSON, Circuit Judges.

### MEMORANDUM \*\*\*

The Board of Immigration Appeals (Board) determined that petitioners were not eligible for asylum or withholding of removal under 8 U.S.C. § 1231 and withholding of removal under the Convention Against Torture (CAT). Substantial evidence supports the Board's conclusion. *See Wang v. Ashcroft*, 341 F.3d 1015, 1019–1020 (9th Cir.2003).

▮ To establish eligibility for asylum on the basis of past persecution, petitioners must show: "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir.2000). Petitioners failed to show that any claimed past persecution was committed by the Mexican government or forces that the government was unable or unwilling to control. The woman who allegedly beat Arcinda Hernandez–Venegas was not affiliated with the government; furthermore, Arcinda Hernandez–Venegas testified that the woman was incarcerated for over a month and forced to pay part of Arcinda Hernandez–Venegas' medical costs, evidencing the government's willingness and ability to control her.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Petitioners are not eligible for relief under the CAT as there was no showing that the mistreatment was "by or at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. § 208.18(a)(1).

Petitioners did not challenge on appeal the Board's determination that Reina Hernandez–Venegas was not born in the United States. The argument is therefore waived.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.